## HERTRICH v. ROBBINS.
### No. 88.

District Court, E. D. Washington, N. D.
April 14, 1941.

E. A. Cornelius, of Spokane, Wash., for plaintiff.

Thos. A. E. Lally, of Spokane, Wash., for defendant.

SCHWELLENBACH, District Judge.

This is an action brought by Marie Hertrich as administratrix of the estate of W. E. Lycan, deceased, against the shareholders' agent of the shareholders of the Exchange National Bank of Spokane. The following facts are stipulated:

That deceased died in Spokane on or about March 19, 1920, and that plaintiff was, on March 8, 1940, appointed administratrix and qualified as such.

That the Exchange National Bank was a national banking association which went into receivership in 1929 and continued in receivership until 1936, at which time the receiver was discharged and the defendant herein later was made the shareholders' agent.

It is admitted that the deceased, at the time of his death, was the owner of a certificate of deposit of the Bank in the sum of $1,136.41, and that he did not present the certificate of deposit to the Bank for payment during his lifetime, that it did not come into the possession of the heirs at law of the deceased and has been lost, and that demand was made for payment prior to the commencement of this action but demand was refused. The defense is exclusively based upon the Statute of Limitations.

In this case, due to the policy of the Comptroller of the Currency, all records of the Bank, except a meager list of the names of unpaid depositors and the owners of certificates of deposit with the amounts of such deposits or such certificates, have been destroyed. We have no information as to the date of the issuance of the certificate of deposit or of its terms. We do not know whether it was made payable on a date certain or on demand after a date certain or on demand after the date of its issuance. As the pleadings were framed in this case, the Statute of Limitations is an affirmative defense. The

burden of proving it rests upon the defendant. As a part of that burden there rests the obligation to prove the date upon which the Statute started running. If the certificate provided that it would become due and payable upon demand after a certain date, then the making of the demand within a reasonable time after that date would be necessary to start the Statute running. The Court cannot be asked to assume or to guess the date of the issuance of the certificate or the terms of the certificate. Since the defendant is unable to supply any information upon which the Court may make a finding as to the date upon which the Statute of Limitations might have started running in this particular case, it must be held that the defendant has failed to sustain the burden of proving its affirmative defense.

Judgment must be entered for the plaintiff.