58 F.Supp.2d 647 (1999)
PETER BAY OWNERS ASSOCIATION, INC., Plaintiff,
v.
Andrew R. STILLMAN, Joy H. Stillman, John G. Catts, and Sheila J. Roebuck, Defendants.
Antonio Godinez, Bonnie Godinez, Paul Due, Genevieve Due, and Ethlyn Hall, Intervening Counterclaim Plaintiffs,
v.
James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna G. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquin S. Hayes, Jeffrey Price, Steven Paul, Jann Paul, St. John Land Investment L.P., and Andrews St. John Trust, Intervening Counterclaim Defendants.
No. Civ.A 97-0036.
District Court, Virgin Islands, D.St. Thomas and St. John.
July 15, 1999.
James M. Derr, St. Thomas, VI, for plaintiff Peter Bay Owners Association, Inc.
J. Daryl Dodson, Law Offices Of Moore & Dodson, St. Thomas, VI, for defendants Andrew R. Stillman, Joy H. Stillman, John G. Catts, and Sheila J. Roebuck.
John H. Benham, Watts & Benham, P.C., St. Thomas, VI, for defendants Andrew R. Stillman and Joy H. Stillman.
Henry C. Smock, Law Offices Of Henry C. Smock, St. Thomas, VI, for intervening counterclaim plaintiffs Antonio Godinez, Bonnie Godinez, Paul Due, and Genevieve Due.
Samual H. Hall, Birch, Dejongh, Hindels & Hall, Poinsetta Place Bluebeard, St. Thomas, VI, for intervening counterclaim plaintiff Ethlyn Hall.
*648 Gregory H. Hodges, Chad C. Messier, St. Thomas, VI, for intervening counterclaim defendants James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna B. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquynn S. Hayes, Jeffory Price, Steven Paul, Jann Paul, St. John Land Investment L.P., and The Andrews St. John Trust.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
BROTMAN, District Judge.
Presently before the Court is the issue of whether the defendants and intervening counterclaim plaintiffs or their predecessors in interest had actual notice of the flat fifty-foot easement depicted on P.W.D. D9-1330-T77 ("Map D9-1330-T77") more than twenty years prior to the date on which defendants Andrew and Joy Stillman filed their counterclaim in the instant action.

I. BACKGROUND

This case involves a Partitioning Decree issued by this Court (the late Warren Young, presiding) in the case of Harthman v. Harthman, 12 V.I. 142 (D.V.I.1975). In 1974, the Harthman Court appointed three commissioners to recommend how to partition an area know as Peter Farm. The Court adopted the commissioners' recommendations but with five exceptions. One of these exceptions was to the commissioners' recommendation that a beach easement be created to extend a flat fifty feet inland. The Harthman Court ordered the Virgin Islands Engineering and Survey, Inc. to complete and record a revised survey reflecting the Partitioning Decree. Sometime after March 17, 1977, map 1037-3 was recorded as Map D9-1330-T77 in the Cadastral Section of the Public Works Department. Map D9-1330-T77 reflected a flat fifty-foot easement and contained a statement that it was created pursuant to the Partitioning Decree. Count four of the counterclaim which defendants Andrew and Joy Stillman filed in the case presently before the Court challenges whether the easement ultimately created by the Harthman Court extended a flat fifty feet inland or extended to the berm line.[1]
On December 18, 1997, intervening counterclaim plaintiffs Antonio and Bonnie Godinez and Paul and Genevieve Due moved for summary judgment on the beach easement issue raised in count four of the Stillmans' counterclaim. On February 5, 1998, Peter Bay filed a cross-motion for summary judgment. On May 4, 1998, intervening counterclaim plaintiff Ethlyn Hall filed a motion for summary judgment. On June 9, 1998, intervening counterclaim defendants filed a cross-motion for summary judgment. On October 26, 1998, the Court denied intervening counterclaim defendants' cross-motion for summary judgment on the grounds that there existed a genuine issue of material fact regarding whether the twenty-year limitations period for count four of the defendant's counterclaim had run. The Court found that neither the parties to the present litigation nor their predecessors in interest had constructive notice of Map D9-1330-T77's flat fifty-foot easement but that these parties may have had actual notice of the fifty-foot easement more than twenty years prior to the date on which the defendants filed their counterclaim in the instant action, which was April 22, 1997. The Court reserved judgment on the other summary *649 judgment motions until it could determine whether actual notice of the fifty-foot easement had caused the statute of limitations to run on count four of the defendants' counterclaim. On April 15, 1999, the Court presided over a bench trial on this limited issue.

II. FINDINGS OF FACT

1. On March 17, 1977, Thomas Finucan, Esq. ("Finucan"), counsel for the plaintiff in the Harthman action, filed with the Court a motion requesting that the Court grant the plaintiff a lien on that portion of the land allocated to Amiot Harthman by the Court's August 21, 1975 Partitioning Decree. See Intervening Countercl. Defs.' Ex. 1.
2. Filed along with this motion was a copy of Map D9-1330-T77 and a certificate of service signed by Finucan indicating that copies of the motion and supporting documentation, including the map, were hand-delivered to Bailey William, Esq. ("William"), William A. Pallme, Esq. ("Pallme"), and James L. Hymes, Esq. ("Hymes") on March 17, 1977. See id.
3. The word "Maps" on the certificate of service is typed slightly below the other words on the same line, indicating that the word was not typed at the same time as the rest of the certificate of service. See id.; April 15, 1999 Trial Transcript at 49 (The Court stated that it "looked at this certificate of service, and the third line, where there is `maps,' it looks like it was typed in afterwards. It could not have been part of the original, at the time it was originally typed, because otherwise it would have been lined up. This is below the line, and seems to have been added; when, I don't know.")
4. The certificate of service does not indicate that Finucan hand-delivered the copies himself. See Intervening Countercl. Defs.' Ex. 1.
5. On April 4, 1977, the Court entered an order authorizing the imposition of a lien on Amiot Harthman's property. See Intervening Countercl. Defs.' Ex. 3.
6. The Court's Harthman file indicates that on June 30, 1977 Amiot Harthman filed with the Court a copy of a letter dated March 18, 1977 from Pallme to Amiot Harthman ("Pallme letter"), accompanied by a copy of the motion for a lien and the supporting documentation. See Intervening Countercl. Defs.' Ex. 2.
7. The Pallme letter indicated that Pallme had forwarded to Amiot Harthman the full set of motion papers he had received on March 17, 1977 because Pallme no longer represented Amiot Harthman in the Harthman action. See id.
8. The Pallme letter, motion for a lien, and supporting documentation were filed by Amiot Harthman on June 30, 1977 in support of his motion to vacate the Court's April 4, 1977 order. See Clerk's File, Harthman v. Harthman, Civil Action No. 414-1970.
9. Absent from the papers Amiot Harthman filed with the Court on June 30, 1977 was Map D9-1330-T77. See id.
10. On April 24, 1997, defendants Andrew and Joy Stillman filed a counterclaim in the action presently before the Court. In count four of the counterclaim, the Stillmans requested that the Court clarify the extent of the beach easement created by the Harthman Partitioning Decree. On December 18, 1997, defendants Antonio and Bonnie Godinez and Paul and Genevieve Due filed a motion for summary judgment on the beach easement issue.
11. On May 7, 1997, the Court granted intervening counterclaim defendants' request to intervene to oppose the Stillmans' counterclaim and the summary judgment motion. Without first filing an answer to the Stillmans' counterclaim, intervening counterclaim defendants filed a cross-motion for summary judgment on June 9, 1997 in which they argued that the statute of limitations had run on the Stillmans' beach easement claim. On March 31, 1999, the intervening counterclaim defendants filed an answer without leave of court which raised the statute of limitations *650 as an affirmative defense to the Stillmans' counterclaim. On June 9, 1999, the Court issued an order deeming the answer to have been filed with leave of Court.

III. CONCLUSIONS OF LAW

1. Where the statute of limitations is raised as an affirmative defense, the burden of proving that the limitations period has run lies with the party who raised the defense. See Hertrich v. Robbins, 38 F.Supp. 104, 104-5 (E.D.Wash.1941); see also Lawaetz v. The Bank of Nova Scotia, 23 V.I. 132, 140, 653 F.Supp. 1278 (D.V.I. 1987) ("[W]e view the fraud count [raised by the plaintiffs] as timely until the Bank [as the defendant] proves it is not."). As part of this burden, the party that raised the defense must prove by a preponderance of the evidence the date upon which the statute began to run. See id.
2. The three pieces of evidence introduced by the intervening plaintiffs do not prove by a preponderance of the evidence that the defendants and intervening counterclaim plaintiffs in this action or their predecessors in interest had actual notice of the flat fifty-foot easement depicted on Map D9-1330-T77 prior to April 22, 1977.
(a) The Finucan Certificate of Service. In an opinion filed today in the same matter, this Court determined that the Finucan certificate of service was admissible only for the purpose of proving Finucan's state of mind when he signed it. Therefore, the Finucan certificate proves only that Finucan intended the motion and accompanying documents listed therein to be hand-delivered on March 17, 1977. The certificate does not prove that these documents were actually delivered. Even if it could be inferred from the certificate that most of the documents were hand-delivered as indicated, the placement of the word "Maps" on the certificate precludes a determination that the maps were delivered along with the other documents.
(b) The Pallme Letter. The Pallme letter proves that on or before March 18, 1977 Pallme received a set of papers from Finucan regarding a motion to impose a lien against Amiot Harthman's property. The letter does not indicate whether Map D9-1330-T77 was included in this set of papers nor does it indicate whether the other attorneys received the same set of papers or any papers at all. Because the Pallme letter and the documents which accompanied it were filed with the Court, the Court can conclude that the Finucan motion and most of the documents listed therein were hand-delivered to Pallme as indicated in the Finucan certificate. The absence of Map D9-1330-T77 from these documents leads the Court to conclude that this map was not served on Pallme along with the motion. The placement of the word "Maps" in the Finucan certificate supports this conclusion.
(c) April 4, 1977 Order. This order proves that Finucan filed a copy of Map D9-1330-T77 with the Court together with the motion for a lien on Amiot Harthman's property. The fact that the map was filed with the Court does not prove that the map was served on the counsel to the Harthman defendants. Any inference of service that can be made from the order is defeated by the placement of the word "Maps" in the Finucan certificate and the absence of the map from the set of papers filed together with the Pallme letter.

IV. CONCLUSION

For the foregoing reasons, the Court finds that the defendants and intervening counterclaim plaintiffs or their predecessors in interest did not have actual notice of the flat fifty-foot easement depicted on P.W.D. D9-1330-T77 ("Map D9-1330-T77") more than twenty years prior to the date on which defendants Andrew and Joy Stillman filed their counterclaim in the instant action.
NOTES
[1] On March 11, 1997, Peter Bay Owners Association, Inc. ("Peter Bay") filed a complaint against the Stillmans, John G. Catts, and Sheila J. Roebuck (collectively "defendants") alleging that the defendants had failed to pay landowners' association fees which Peter Bay had assessed for the costs of maintaining the Peter Farm roadways. Peter Bay claimed that it had satisfied the means established in the Partitioning Decree for forming a landowners' association and was therefore entitled to assess the Peter Farm landowners for roadway maintenance costs. On April 22, 1997, the Stillmans filed an answer and counterclaim. In count four of the counterclaim, the Stillmans asked the Court to clarify the extent of the beach easement created by the Harthman Partitioning Decree.